IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT SCADDING | : | CIVIL ACTION |
| v. | : | No. 03-4248 |
| MICHAEL J. GAINES, ET AL. | : | |

### ORDER

**AND NOW**, this          day of                    , 2004, upon consideration of the petition and the record herein, and after review of the Report and Recommendation of M. Faith Angell, United States Magistrate Judge, it is hereby **ORDERED** that:

1. The Report and Recommendation is APPROVED AND ADOPTED.

2. The Petition for Writ of Habeas Corpus is TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR MASSACHUSETTS pursuant to 28 U.S.C. §2241 and §2255.

3. The Clerk of the Court is ordered to transfer forthwith all records of this case to the Clerk of the United States District Court for Massachusetts. There is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
ANITA B. BRODY,                J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT SCADDING : CIVIL ACTION
:
v. : No. 03-4248
:
MICHAEL J. GAINES, ET AL. :

**REPORT AND RECOMMENDATION**

M. FAITH ANGELL                                        January 8, 2004
UNITED STATES MAGISTRATE JUDGE

Presently before this court is a Petition for a Writ of Habeas Corpus filed, pursuant to 28 U.S.C. §2241, by a federal prisoner. According to Mr. Scadding's petition, he is currently incarcerated at Federal Correctional Institution ("FCI") Raybrook in New York. In 1978, the Massachusetts District Court sentenced Mr. Scadding to a period of twenty years incarceration, and in 1986, while on parole, he was arrested for driving under the influence in Medford, Massachusetts. He was not re-incarcerated at that time, but he was re-incarcerated six years later for unrelated technical violations of his parole. Mr. Scadding now challenges the decision to forfeit his six years of "street time" from the computation of the total time required for his sentence/parole.

Pursuant to 28 U.S.C. §2241, "writs of habeas corpus may be granted by...the district courts and any circuit judge within their respective jurisdictions." A judge "may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it." Further, 28 U.S.C. §2255 provides that a prisoner in federal custody must "move the court which imposed

1

the sentence..."

I believe the interests of justice will best be served by transferring this habeas action to the district of Massachusetts, where the sentencing court with jurisdiction is located.

### RECOMMENDATION

It is my recommendation that the above captioned habeas petition be transferred to the United States District Court for Massachusetts.

BY THE COURT:

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

2