UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
ROBERT SCADDING,                )
     Petitioner,                )
                                )    CIVIL ACTION NO. 04-10934-MLW
     v.                         )
                                )
MICHAEL J. GAINES, ET AL.,      )
     Respondents.               )
                                )
                                )
```

**GOVERNMENT'S MOTION TO DISMISS PETITIONER'S**
**WRIT FOR HABEAS CORPUS**

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and B. Stephanie Siegmann, Assistant United States Attorney for the District of Massachusetts, hereby files this motion to dismiss petitioner's writ of habeas corpus submitted pursuant to 28 U.S.C. §2241. The government received petitioner's action and this Court's order on August 18, 2006. The government respectfully respects that the Court summarily deny petitioner's action.

**1. Procedural History**. On or about July 21, 2003, Robert Scadding ("Scadding" or the "petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 in the Eastern District of Pennsylvania alleging that his due process rights had been violated by a United States Parole Commission's ("U.S. Parole Commission") decision to revoke his parole and forfeit "six years" of time Scadding allegedly spent on parole (commonly

1

referred to as "street time"). As a result of this alleged violation of his rights, Scadding requested three forms of relief in his petition: (1) that his forfeited time on parole be reinstated; (2) that he be immediately released from incarceration; and (3) that he be awarded monetary damages for his "unjust incarceration after 1998."

On November 18, 2003, United States Magistrate Judge M. Faith Angell entered an order finding that Scadding's habeas petition was deficient in that it failed, among other things, to identify the particular action of the U.S. Parole Commission that was at issue. See Order of Nov. 17, 2003; D. 10-7. Magistrate Judge Angell further ordered Scadding to file a letter in support of his petition stating "the particular decision of the U.S. Parole Commission which he [was] challenging, and provide a number and date of the decision. Id.

In response to this Order, on December 5, 2003, Scadding filed a letter with the Eastern District of Pennsylvania which indicated that he was challenging a decision of the U.S. Parole Commission that occurred approximately ten years earlier. He wrote in this letter:

> Upon your order I enclose the following. The date of my parole revocation hearing which I'm challenging [. . .] The hearing officer stated that because of the D.W.I. conviction (six years earlier) that he was forfieting [sic] all my street time built up from March 17, 1986 thru Sept 21, 1992. The date of the hearing was Jan 14, 1993.

D. 10-11.  With this letter, the petitioner attached a sentencing computation sheet.  See D. 10-11 pp. 2-4.  This sheet indicates that as of October 21, 2003, Scadding had violated his parole five times,[1] was convicted of assault during bank robbery, was sentenced to 20 years imprisonment on April 5, 1978, and his full term of imprisonment and parole would expire on August 21, 2005.  In the remarks section of this sheet, a July 26, 2003 decision of the U.S. Parole Commission is described.  According to this sheet filed by the petitioner, on July 26, 2003, Scadding's parole was revoked, three months of the time had previously served on parole (11/4/02-1/8/03) was forfeited and he received "partial street credit of 247 days for parole period 3/2/02 -11/3/02."[2]

Subsequently, the Eastern District of Pennsylvania transferred this action to the District of Massachusetts.

On July 12, 2005, Scadding was released from the custody of the Bureau of Prisons.  Because his sentence had expired, when Scadding was released from incarceration, no further term of parole was imposed.  Accordingly, as of this date, Scadding is no longer incarcerated nor is he serving any term of parole.

---

[1]Based upon docket entry 11 (dated February 11, 2005), the U.S. Parole Commission determined that the petitioner also violated his parole in May 2004.

[2]This decision, however, occurred after the petitioner filed his writ and is not being challenged according to the petitioner's own letter.

2.  **Regardless of whether Court classifies petition as one governed by §2241 or §2255, Scadding's petition should be dismissed as moot.**  Through his petition, Scadding, a former federal prisoner, seeks to vacate, set aside, or correct the sentence imposed for a parole violation (or possibly multiple parole violations). Scadding claims that he was being unlawfully confined at the time his petition was filed. Accordingly, it is properly classified as one contesting the legality of his sentence and is governed by 28 U.S.C. §2255. See 28 U.S.C. §2255; Gonzalez v. United States, 150 F. Supp. 2d 236, 240-241 (D. Mass. 2001) (concluding motions to contest legality of sentence must be filed under 28 U.S.C. §2255). Because Scadding appears to be challenging the computation of his term of parole in one of the three claims for relief, his petition may also be characterized as one brought under §2241. Irrespective of how this Court chooses to classify Scadding's petition, his petition is moot.

In his petition filed in July 2003, Scadding does not challenge his underlying conviction but rather attacks the forfeiture of certain parole time he served and requests his immediate release from incarceration. Scadding has since been released from prison and completed his term of parole. Thus, as there is no further relief that can be judicially awarded under 28 U.S.C. §2255 or §2241, Scadding's petition is moot and should

be dismissed.  See Spencer v. Kemna, 523 U.S. 1 (1998) (expiration of petitioner's sentence of imprisonment rendered habeas petition challenging revocation of petitioner's parole moot because it no longer presented an Article III case or controversy); see also Anyanwutaku v. Moore, 151 F.3d 1053, 1057 (D.C. Cir. 1998) (release on parole rendered prisoner's habeas petition challenging parole eligibility date moot); Simon v. United States, 70 F.3d 1252, 1995 WL 709643, *1 (unpub. opin.) (1st Cir. 1995) (finding §2241 petition seeking award of 120 days of "'meritorious good time'" moot as petitioner had been released from prison).

In Spencer, the United States Supreme Court determined that habeas challenges to the revocation of probation would be treated differently from challenges to the underlying criminal convictions.  523 U.S. at 8-12.  Unlike a wrongful criminal conviction, the Court refused to presume significant "collateral consequences adequate to meet Article III's injury-in-fact requirement resulting from petitioner's parole revocation."  Id. at 14.  Thus, the Court concluded that once a prisoner is released from prison, a habeas petition challenging revocation of parole will become moot unless the petitioner can demonstrate "some concrete and continuing injury."  Id. at 12-18.  Scadding has not alleged nor can he demonstrate any concrete collateral consequences arising out of his parole violation and subsequent

imprisonment to preserve a live controversy after his release from prison and completion of parole.  The government therefore respectfully requests the court to dismiss this petition on the grounds of mootness.

Alternatively, petitioner's claims that challenge the legality of the sentence imposed as a result of his parole violate and are consequently governed by §2255 should be dismissed for failure to comply with the one year statute of limitations.  See 28 U.S.C. §2255.  In response to a Court Order to supplement his petition, Scadding unambiguously stated that he was challenging a decision of the U.S. Parole Commission made at a hearing in January 1993 that occurred more than ten years before he filed his petition.

Petitioner also seeks monetary damages in his petition. Monetary damages are not cognizable under §2241 or §2255.  See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) (habeas corpus not appropriate or available federal remedy to obtain monetary damages).  Additionally, the petitioner has failed to demonstrate that he exhausted his administrative remedies[3] and

---

[3] To the extent that the petitioner claims relate to the administration or calculation of his parole time and are therefore grounded upon Section 2241, those claims would similarly also be barred by the petitioner's failure to exhaust his administrative remedies.  See Fuller v. Rich, 11 F. 3d 61, 62 (5th Cir. 1994) (petitioner seeking to challenge parole commission decision required to exhaust administrative remedies prior to seeking habeas relief under 28 U.S.C. §2241).  Scadding could have filed an administrative appeal to the National Appeals

therefore any claim for monetary relief, even if brought as a *Bivens* claim for civil rights violations, would likely be dismissed. See Oladukun v. Winn, 2005 WL 1972560, *1 (D. Mass. 2005) (exhaustion requirement of the Prison Litigation Reform Act of 1995 "governs Bivens actions and requires their dismissal if filed prior to exhaustion of administrative remedies.").

## CONCLUSION

For the foregoing reasons, the government respectfully requests that Scadding's habeas petition be dismissed with prejudice.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                              By: /s/ B. Stephanie Siegmann
                                    B. STEPHANIE SIEGMANN
                                    Assistant U.S. Attorney

Dated: September 6, 2006

---

Board of the U.S. Parole Commission pursuant to 28 C.F.R. §2.26 of any decision revoking his parole and forfeiting his street time but based upon the pleadings filed in this matter, he has not. As of this date, the government has been unable to review the records of the U.S. Parole Commission regarding the petitioner as the records are in archives and will take 30 days to obtain.

<u>Certificate of Service</u>

I do hereby certify that a copy of the foregoing government's motion to dismiss was served upon the petitioner by prepaid U.S. mail to his last known address (maintained by the U.S. Parole Commission) of:

        53 Germane Avenue, Apt. 1
        Quincy, MA 02169

        <u>/s/ B. Stephanie Siegmann</u>
        B. Stephanie Siegmann
        Assistant U.S. Attorney